IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN M. CARZOLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-1364 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Susan E. Cox |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John M. Carzoli ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Defendant," or the "Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 18], the Commissioner's motion is denied [dkt. 22], and the case is remanded for further proceedings consistent with this opinion.[1]

Plaintiff suffers from depression and bipolar disorder. (R. 715.) Plaintiff's treating psychiatrist is Dr. Matthew Castelinos, M.D. Dr. Castelinos is an attending physician at the Beverly Morgan Park Mental Health Center, where Plaintiff regularly received mental health treatment. (R. 305; R. 408-477). On July 11, 2008, Dr. Castelinos completed a Mental Impairment Questionnaire. Dr. Castelinos stated that Plaintiff had been treating monthly with him for 30 minutes, as well as engaging in individual therapy sessions for 60 minutes, and group therapy for 120 minutes. He diagnosed Plaintiff with intermittent explosive disorder, manic-depressive psychosis, and impulse control disorder. (R. 339.) He further found that Plaintiff had marked restrictions in activities of daily living, extreme difficulties in maintaining social functioning, constant deficiencies in

---

[1] The Court construes Plaintiff's Memorandum in Support of Reversing the Decision of the Commissioner of Social Security as a motion for summary judgment.

concentration, persistence, or pace, and repeated episodes of decompensation. (R. 342.) He also found that many of Plaintiff's mental abilities and aptitude needed for unskilled work were poor.[2] (R. 341-42.)

Plaintiff filed an application for disability insurance benefits on April 29, 2008. (R. 90.) His application was denied initially on August 4, 2008 and upon reconsideration on April 24, 2009. (R. 74.) Plaintiff requested a hearing before an ALJ, which was held on March 11, 2010. (*Id*.) On July 2, 2012, ALJ Sylke Merchan issued an opinion finding that Plaintiff was not disabled. (R. 74-85.) Plaintiff appealed that decision to the United States District Court for the Northern District of Illinois, and the case was remanded for various reasons, including the ALJ's failure to properly weigh the opinion of Plaintiff's treating physician, Dr. Castelinos. (R. 714-731.)

On remand, a new hearing before an ALJ was held on September 28, 2016.[3] On November 23, 2016, ALJ William Spalo denied Plaintiff's application for benefits. In reaching this decision, the ALJ considered the opinion of Dr. Castelinos and afforded it limited weight, because "the record as a whole does not support Dr. Castelino's (sic) assessment that the claimant's symptoms precluded all work activity." (R. 40.) As evidence, the ALJ cited evidence in the record that Plaintiff had reported an "overall sense of well-being," "was able to communicate with peers regarding his activities," "work[ed] within the legal system in order to resolve his issues," and "participate[d] cooperatively in therapy." (R. 624.)

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 416.927(c). Because of a treating physician's greater familiarity with the claimant's condition and the progression of his impairments, the opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent

---

[2] For a more detailed explanation of Dr. Castelinos's findings, the Court refers to the previous opinion and order issued by Judge Lefkow in this case on December 16, 2015. (R. 714.)

[3] In the intervening years since his original application, Plaintiff added a claim for supplemental security income, which was approved. The ALJ found "no reason to reopen and revise the subsequent favorable decision." (R. 617.)

2

with other substantial evidence in the record.[4] 20 C.F.R. § 416.927(c)(2); *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. An ALJ must provide "good reasons" for how much weight he gives to a treating source's medical opinion. See *Collins v. Astrue*, 324 Fed. Appx. 516, 520 (7th Cir. 2009); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our…decisions for the weight we give your treating source's opinion."). When an ALJ decides for "good reasons" not to give controlling weight to a treating physician's opinion, he must determine what weight to give to it and other available medical opinions in accordance with a series of factors, including the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the supportability of the opinion; and the consistency of the physician's opinion with the record as a whole. *Yurt v. Colvin*, 758 F.3d at 860; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); see 20 C.F.R. § 416.927(c)(2)-(6). An ALJ must provide "sound explanation" for the weight he gives each opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If he does not discuss each factor explicitly, the ALJ should demonstrate that he is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

Even if the Court were inclined to find that the ALJ had articulated a "good reason" for giving Dr. Castelinos's opinion less than controlling weight, he failed to discuss all of the factors necessary in determining the weight to be given any opinion evidence. In particular, the ALJ did not consider Dr. Castelinos's specialty as a psychiatrist, or the supportability of his opinion. Of the aforementioned factors, the only factor discussed by the ALJ was Dr. Mason's consistency with the record as a whole.[5] To the extent that he mentioned the length or nature of the treatment, it was

---

[4] A recent change to the Administration's regulation regarding weighing opinion evidence will eliminate this rule, commonly known as the "treating physician rule," for new claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

[5] Moreover, the ALJ's citation to these portions of the record omit findings that do not support ALJ's decision to afford Dr. Castelinos's opinion little weight. For example, Plaintiff's appointment on April 25, 2008, shows that he

3

done in the context of demonstrating the inconsistency of Dr. Castelinos's opinion with the record as a whole, and was limited to the ALJ's observation that "Dr. Castelino (sic) indicated that he had been treating the claimant on a monthly basis as of his July 2008 statement, but there are not records indicating that Dr. Castelino (sic) provided any treatment prior to this date." (R. 624.) This is factually incorrect; the record shows that Dr. Castelinos was the attending physician at Beverly Morgan Park Mental Center during Plaintiff's visit on April 25, 2008. (R. 305.) It also fails to take into the account that Dr. Castelinos's role as an attending physician at Plaintiff's mental health treatment center may give him access and insight into Plaintiff's progress, condition, and treatment. In other words, the ALJ failed to consider the value of Dr. Castelinos's role as a treating psychiatrist with a longitudinal view of Plaintiff's mental health conditions. Because the ALJ failed to follow the proper steps in weighing Dr. Castelinos's opinion, the ALJ's opinion is reversed, and this case is remanded for further proceedings consistent with this opinion.[6]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted [dkt. 18], the Commissioner's motion is denied [dkt. 22], and the case is remanded for further proceedings consistent with this opinion.

ENTER: 2/15/18

_____
U.S Magistrate Judge, Susan E. Cox

---

demonstrated a blunted affect at the beginning of his appointment (although his mood did brighten), and that he was loud and hyperactive. (R. 307.) The ALJ also did not note some of the later treatment at Beverly Morgan Park Mental Health Center that noted that Plaintiff arrived late to therapy and "could not really get into [meditation exercise] at all," or that he required a 30-day residential treatment program at South Suburban Council Drug Rehab center in the summer of 2008. (R. 419, 428.) The ALJ is required to consider the record as a whole, not simply the portions of the record that support his opinion.

[6] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.